UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TECHNOMEDIA INTERNATIONAL, INC. | § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-03630 |
| | § | |
| TWL SKILL VENTURES, LLC, and TRINITY WORKPLACE LEARNING CORPORATION N/K/A TWL KNOWLEDGE GROUP, INC., | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the Court are Defendant Skill Venture's Motion to Dismiss and Motion to Remand. After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that both motions should be granted.

### I.     BACKGROUND

Plaintiff Technomedia filed suit against Defendant TWL Skill Ventures ("Skill Ventures") in state court, alleging conversion. Skill Ventures is a limited liability corporation, of which Technomedia is a fifty percent owner. Technomedia believes that unauthorized transfers were being made out of the company's bank accounts and were not used for Skill Ventures' business.

Skill Ventures, in response, sued Trinity Workplace Learning Corporation and TWL Corp., referred to collectively by the parties as "TWL," which owns the other half of Skill Ventures. Shortly thereafter, TWL filed for bankruptcy, and then removed the case to federal court pursuant to 28 U.S.C. § 1452. Skill Ventures responded by moving to dismiss its third party claims against TWL and remand the case to state court. TWL now opposes both the

Motion to Dismiss and the Motion to Remand, arguing that it should stay in the case, since it has some interest in the outcome of the dispute between Technomedia and Skill Ventures. TWL has also filed a Motion to Transfer to the Bankruptcy Court for the Eastern District of Texas. (Doc. No. 7.)

## II.     MANDATORY ABSTENTION

When a case has been removed to federal court based on 28 U.S.C. § 1452, a district court can remand the case based on either mandatory or permissive abstention. Courts should decide whether remand and abstention are proper before entertaining motions to transfer venue. *W.S.F.-World Sports Fans, LLC v. Quest Title Company*, 367 B.R. 786, 791 (Bankr. D.N.M. 2007). Mandatory abstention is governed by 28 U.S.C. § 1334 (c)(2), which reads:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

This statute applies to "non-core" proceedings, meaning those proceedings that do not invoke the substantive rights created by bankruptcy law and which can exist independently from the bankruptcy. *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). Such is the instant case. At the recent motion hearing, TWL acknowledged that Skill Venture's assets, which are the subject of the underlying conversion case, are not part of the bankruptcy estate. Furthermore, TWL, the debtor, has not asserted an interest in the Skill Venture's property that is the subject of the underlying case.

Given that the underlying dispute is a non-core proceeding, mandatory abstention applies. Defendant Skill Ventures timely filed its Motion to Remand, the underlying case is based on

state law conversion claims, the state court can timely adjudicate these claims, and TWL asserts no other independent basis for federal jurisdiction.

### III. CONCLUSION

For the reasons stated above, the Skill Venture's Motion to Remand and Motion to Dismiss are both **GRANTED**. TWL's Motion to Transfer is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 10th day of February, 2009.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.

3